IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : CASE NO: 7:22-CR-14 (WLS) |
| EUBIA UNDRAE WALKER, II, | : |
| Defendant. | : |

**ORDER**

On December 1, 2022, this Court Ordered (Doc. 33) the Parties to confer and inform the Court no later than Monday, December 19, 2022, whether any matters required a hearing or further briefing or whether the case was ready to proceed to trial. Counsel for the Government and Defendant filed their Responses (Docs. 34 & 35) on December 19, 2022. Defense Counsel represented that he needed to conduct additional investigation and that he would "work diligently to complete discovery review and analysis with [Defendant] and then proceed accordingly with the litigation of this case" (Doc. 34 at 1). However, Defense Counsel did not specifically request a continuance, nor did he advise the Court how long he thought he needed to complete trial preparation.[1] Therefore, on December 20, 2022, the Court entered an Order (Doc. 36) advising the Parties that the case would remain on the Valdosta February 2023 trial calendar, with a pretrial conference scheduled for January 17, 2023. The Court ordered Defense Counsel to file a formal Motion to Continue if a continuance is necessary or desired by Defendant.

On December 27, 2022, Defense Counsel filed Defendant's Unopposed Motion to Continue Trial (Doc. 37) ("Motion to Continue") in which Defendant requests the trial of this

---

[1] Government's Response merely stated that it concurred in Defendant's report on the current status of the case.

1

case be continued "until a December or later trial term."[2] (*Id.* at 3.) Motion to Continue Defendant asserts "that failure to grant a continuance would deny the Defendant the reasonable time necessary for effective preparation and resolution of legal issues, taking into account the exercise of due diligence." (*Id.* (citing 18 U.S.C. § 3161(h)(7)(B)(iv)).) Defense Counsel represents that the Government's Counsel does not object to a continuance. (*Id.* at 2.)

Pursuant to the Motion to Continue an extension of time is necessary for Defense Counsel to have sufficient time to continue to review the discovery received and determine if additional information is needed. Based on the information available to date, Defendant could potentially be classified as a Career Offender through the application of the United States Sentencing Guidelines. Defense Counsel states he needs time to research the particulars of Defendant's situation, as there is pending litigation in federal courts in Georgia and elsewhere that may impact that determination. Having a fuller understanding of the status of the jurisprudence on this fluid issue is critical to Defendant's ability to make an informed decision about how to proceed with this case.

Additionally, Defense Counsel is working to obtain a transcript of a revocation hearing as to one of Defendant's prior offenses. The transcript is necessary for Defense Counsel to understand whether that revocation will affect any sentence Defendant might receive in this case, and if so, to what extent. Defense Counsel states that "[a] continuance in the matter is needed both to permit the defense to complete this necessary investigation, and for the parties to complete negotiations for a pretrial resolution of the case. The parties continue to negotiate, but a resolution remains in large part dependent on gaining clarity on the potential sentence for [Defendant] should he be convicted." (*Id.* at 4.)

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the motion to continue (Doc. 37) is **GRANTED**. The Court hereby **ORDERS** that the trial in the above-referenced matter be

---

[2] As there were only four days left in December 2022 at the time the Motion to Continue was filed, the Court interprets Defendant's request to continue the trial to "a December or later term" to practically mean a continuance to the Court's next Valdosta trial term which is May 2023.

**CONTINUED** to the Valdosta Division May 2023[3] trial term and its conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 28th day of December, 2022.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] The Court recognizes that Defense Counsel requests a continuance to a December or later trial term., but notes that this case has been continued three times (Docs. 32, 28 and 22).  Accordingly, the case is continued to the next regularly available trial term.  If Defense Counsel disagrees with the Court's interpretation and findings, he shall immediately inform the Court by appropriate motion.