IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | :  CASE NO: 7:22-CR-14 (WLS) |
| EUBIA UNDRAE WALKER, II, | : |
| Defendant. | : |

## ORDER

Before the Court is the Defendant's Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 41) ("Motion"). Therein, Defense Counsel requests a continuance of the trial of this matter from the May 2023 trial term to the "June or later trial term."[1] Counsel states initial discovery has been provided to defense counsel, but additional time is needed to review the discovery and consider the need for motions or additional information. Based on the information available to date, it appears that Defendant could potentially be classified as a Career Offender through the application of the United States Sentencing Guidelines. Counsel for the defense is researching the particulars of Defendant's situation, as there is pending litigation in federal courts in Georgia and elsewhere that will likely impact that determination.

Defense Counsel indicates he is gathering information from Defendant's prior convictions, including a probation revocation hearing in 2021. A continuance in the matter is needed both to permit the defense to complete this necessary investigation, and for the parties to complete negotiations for a pretrial resolution of the case. The parties continue to negotiate,

---

[1] (Doc. 41 at 1.) Defense Counsel also states that Defendant requests the Court "continue this case until [sic] for one additional trial calendar." (Doc. 41 ¶ 4.) The Court presumes that as Defense Counsel has practiced before this Court for a period of time, that counsel is aware that the Court's next *Valdosta* trial term is August 2023. Accordingly, the case will be continued to the next regularly available *Valdosta* trial term. If Defense Counsel disagrees with the Court's interpretation and findings, he shall immediately inform the Court by appropriate motion.

1

but a resolution remains in large part dependent on gaining clarity on the potential sentence for Defendant should he be convicted.

Defense Counsel represents that the Government does not oppose the requested continuance. Counsel further states that Defendant consents to an extension of the deadline for filing motions, including but not limited to any motion to suppress evidence, in the event that plea negotiations are unsuccessful. Defendant submits that failure to grant a continuance would deny him the reasonable time necessary for effective preparation and resolution of legal issues, taking into account the exercise of due diligence.

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 41) is **GRANTED**.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division **August 2023** trial term and its conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 21st day of March, 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**