IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v.  : | **CASE NO:  7:22-CR-14 (WLS)** |
| : | |
| **EUBIA UNDRAE WALKER, II,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

# ORDER

Before the Court is the Defendant's Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 76) and the Joint Response to Court Order of March 4, 2024 (Doc. 77) ("Motions"). The Parties request a continuance of the trial of this matter from the May 2024 Valdosta trial term to the next trial term. (Doc. 77) Defense Counsel previously requested a continuance to allow defense access to the two seized substances in this case and to submit those substances for independent testing by analysts outside of law enforcement. Defense Counsel has located a DEA-approved independent lab that is capable of conducting, and willing to conduct, the necessary tests.  Counsel is in the process of obtaining approval for the funds via the internal funds-dispersal approval process within the Federal Defenders office. If approved, Defense Counsel will then file a motion to obtain an order that will allow the Government to securely disclose the controlled substance to this approved, DEA accredited lab for retesting. (Doc. 76 ¶¶ 2, 3) Defendant states that the circumstances warrant the continuance which will be excluded from speedy trial calculation pursuant to 18 U.S.C. § 3161 *et. seq.*, and that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the United States Attorney's Office in a speedy trial.[1]

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendant in a

---

[1] To satisfy 18 U.S.C. § 3161(h)(7)(A)-(B), the Court assumes Defense Counsel intended to state that the ends of justice served by granting the continuance outweigh the best interests of the public and the *Defendant* in a speedy trial, and the Court so finds based on the statements in the Motion.

1

speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motions (Doc. 76, 77) are **GRANTED**.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division **August 2024** trial term and its conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 18th day of March 2024.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**