IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | |
| : | **CASE NO: 7:22-CR-14 (WLS)** |
| **EUBIA UNDRAE WALKER, II,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

## ORDER

Before the Court is the Joint Response to Court Order of May 16, 2024 (Doc. 80) and the Defendant's Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 81) ("Motion"). Defendant requests a continuance of the trial of this matter from the August 2024 Valdosta trial term to the next trial term. (Doc. 81) Defense Counsel previously requested a continuance to allow defense access to the two seized substances in this case and to submit those substances for independent testing by analysts outside of law enforcement. Defense Counsel has obtained internal approval to pay for the testing but has had difficulty finding a lab that has regularly re-tested substances in federal cases. Counsel has now identified several labs and is engaged in fee negotiations with them. Once a binding contract is in place, he will file the appropriate motion with the Court to authorize the transfer and re-testing of the requested substances. Defendant states that the circumstances warrant finding excusable delay, that the continuance should be excluded from speedy trial calculation pursuant to 18 U.S.C. § 3161 *et. seq.*, and that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the United States Attorney's Office in a speedy trial.[1] Defense Counsel represents that the Government does not oppose the continuance, and the Government's agreement to the continuance is also reflect by the Joint Response (Doc. 80).

---

[1] To satisfy 18 U.S.C. § 3161(h)(7)(A)-(B), the Court assumes Defense Counsel intended to state that the ends of justice served by granting the continuance outweigh the best interests of the public and the *Defendant* in a speedy trial, and the Court so finds based on the statements in the Motion.

1

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 81) is **GRANTED**.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division **November 2024** trial term and its conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 29th day of May 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2