**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CASE NO:** |
| | : | **7:22-cr-14–WLS-ALS** |
| | : | |
| **EUBIA UNDRAE WALKER, II,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## <u>ORDER</u>

Before the Court is the Defendant's Unopposed Motion to Continue Trial in the Interest of Justice to Allow for Further Evaluation (Doc. 118) ("Motion to Continue"). Therein, Defendant requests a continuance of the trial of this matter from the May 2026 Valdosta trial term to the next trial term. Based on his representation of Defendant over the past four years and his thirty-one years of experience as defense counsel, Defendant's counsel, Timothy Saviello, disagrees with the Forensic Evaluation dated February 24, 2026 ("Evaluation") (Doc. 116) provided by officials at the Federal Medical Center, Lexington, Kentucky, which opines that Defendant is competent to stand trial in this matter. Defense Counsel has obtained funding approval from the Executive Director of the Federal Defender for the Middle District of Georgia to retain an expert who can conduct an evaluation of Defendant while in pretrial detention in the district and render an opinion on his competency to stand trial under those detention conditions. Defendant requests that the trial of this matter be continued so as to allow time for such evaluation to occur. Defense Counsel represents he spoke with Government's Counsel, Leah McEwen, who does not oppose the motion to continue.

Defendant states that the circumstances warrant the continuance which will be excluded from speedy trial calculation pursuant to 18 U.S.C. § 3161 *et. seq.*, and that the ends of justice served by granting this continuance outweigh the best interests of the public and the

1

United States Attorney's Office[1] in a speedy trial. Based on the Defendant's stated reasons and those set out more fully in his Motion to Continue, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B).

Accordingly, the Court hereby **ORDERS** that:

1.      Defendant's Unopposed Motion to Continue Trial in the Interest of Justice to Allow for Further Evaluation (Doc. 118) is **GRANTED**.

2.      The trial in the above-referenced is **CONTINUED** to the Valdosta Division **August 2026** trial term and its conclusion, or as may otherwise be ordered by the Court.

3.      The time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), (iv), because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defendant the continuity of Counsel, and/or (c) would deny Defense Counsel the reasonable time necessary, in the exercise of due diligence, to prepare for trial.

4.      Further, the time lost under the Speedy Trial Act, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(1)(A), (D), (F), and/or (h)(4)[2] for any delay resulting from the Motion to

---

[1] To satisfy 18 U.S.C. § 3161(h)(7)(A)-(B), the Court assumes Defense Counsel intended to state that the ends of justice served by granting the continuance outweigh the best interests of the public and the *Defendant* in a speedy trial, and the Court so finds based on the statements in the Motion.

[2] The relevant provisions of the Speedy Trial Act provide:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> > (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
> >
> > > (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
> > >
> > > . . .
> > >
> > > (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
> > >
> > > . . . [and]
> > >
> > > (F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days

Continue to permit further psychological/psychiatric evaluation (Doc. 118), starting with the date of filing such motion through the conclusion of any hearing on, or other prompt disposition of such motion.

      **SO ORDERED**, this 16th day of March 2026.

/s/W. Louis Sands  
**W. LOUIS SANDS, SR. JUDGE**  
**UNITED STATES DISTRICT COURT**

---

from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable

. . . .

(4) Any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial.

3