**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CASE NO:** |
| | : | **7:22-cr-14–WLS** |
| **EUBIA UNDRAE WALKER, II,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

# ORDER

Before the Court is Defendant's Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 138) ("Motion") requesting a continuance of the trial of this matter from the November 2026 Valdosta trial term to the next trial term. Defense Counsel represents that Government's Counsel, Assistant United States Attorney Tamara Jarrett, does not oppose the continuance. Defendant states that the circumstances warrant the continuance which will be excluded from speedy trial calculation pursuant to 18 U.S.C. § 3161 *et. seq*., and that the ends of justice served by granting of this continuance outweigh the best interests of the public and the United States Attorney's Office in a speedy trial.[1]

The Court further notes that Defendant was permitted to retain an expert outside the Bureau of Prisons ("BOP") to evaluate Defendant's competency. (Docs. 118, 119). Pursuant to Defendant's last status update on that matter, an expert had been retained, and a final evaluation report was anticipated at the end of June or early July 2026. (Doc. 126 at 5; *see also* Doc. 122). To date, the Court has not received a final evaluation report from Defendant's expert. Thus, a final determination of Defendant's competency after receipt of the report received March 2, 2026 (Doc. 116), from the BOP has not been made.

Based on the Defendant's stated reasons and those set out more fully in his Motion and the necessity for the Court to conduct a competency hearing prior to trial, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the

[1] To satisfy 18 U.S.C. § 3161(h)(7)(A)-(B), the Court assumes Defense Counsel intended to state that the ends of justice served by granting the continuance outweigh the best interests of the public and the *Defendant* in a speedy trial, and the Court so finds based on the statements in the Motion.

public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 138) is **GRANTED**.

The Court hereby **ORDERS** that:

1. The trial in the above-referenced matter is **CONTINUED** to the Valdosta Division **February 2027** trial term and its conclusion, or as may otherwise be ordered by the Court.

2. The time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

3. Further, the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(1)(A), (h)(4) for any delay relating to proceedings to determine Defendant's mental competency or physical capacity or delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial.

4. The October 6, 2026 pretrial conference with respect to Defendant Eubia Undrae Walker, II, is **CANCELLED**.

**IT IS FURTHER ORDERED** that **on or before Friday, October 2, 2026**, Defendant shall provide the Court with a report regarding the status of the competency evaluation being conducted by Defendant's retained expert.

**SO ORDERED**, this 28th day of September 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**