**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CASE NO:** |
| | : | **7:22-cr-14–WLS** |
| **EUBIA UNDRAE WALKER, II,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

# ORDER

On November 19, 2026, the Court held a hearing to determine whether Defendant Eubia Undrae Walker, II's is competent to proceed with this case. Upon finding Defendant competent as discussed below, the Court heard arguments on Defendant's Motion *in Limine* (Doc. 134) ("Motion in Limine") and discussed with counsel whether they were ready to proceed to trial. This Order memorializes the hearing.

## I. Competency Background

On August 6, 2024, pursuant to 18 U.S.C. §§ 4241(a), (b),[1] the Court granted Defendant's motion and ordered Defendant's first mental health evaluation. (Doc. 86). The Forensic Evaluation of Carmen Rodriguez, Psy.D., Clinical and Forensic Psychologist with the Federal Bureau of Prisons ("BOP"), Miami, Fla., dated October 21, 2024, was received by the Court on November 19, 2024, and docketed in the Record of this case. (*See* Doc. 89). Dr. Rodriguez opined that Defendant suffered from a mental disease that precludes his ability to understand the nature and consequences of the proceedings against him, and to assist his

[1] Section 4241(a) and (b) provide that, at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the Government may file a motion for a hearing to determine the mental competency of the defendant. Moreover, the Court shall grant the motion if "reasonable cause" exists to believe that the defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Furthermore, § 4241(b) provides that the Court may order a psychiatric or psychological examination of the defendant before the date of the hearing and order the psychiatric or psychological report be filed with the Court pursuant to § 4247(b) and (c).

attorney in him own defense. Therefore, Dr. Rodriguez concluded that he was incompetent to proceed with the judicial process.

After a hearing, the Court found Defendant was not competent to stand trial, and by Order (Doc. 96) entered January 10, 2025, Defendant was committed to the custody of the Attorney General for treatment in a suitable facility for restoration of competency. Subsequently, the Court received the Forensic Evaluation of Evan S. Du Bois Psy.D., Clinical and Forensic Psychologist with the BOP in Butner, N.C.. The Evaluation was dated August 21, 2025, and was docketed in the Court Record on August 28, 2025 (*See* Docs. 97, 98). Therein, Dr. Du Bois opined that Defendant's competency had been restored and that Defendant was competent to stand trial. A Certificate of Restoration of Competency to Stand Trial was also provided. (*Id.*). The Court held a second competency hearing on September 23, 2025, and found Defendant competent to stand trial.

On December 19, 2025, Defendant's counsel filed a motion advising the Court that Defendant's mental health had declined to such an extent that counsel requested an additional evaluation. (*See* Doc. 111). On December 19, 2025, pursuant to 18 U.S.C. §§ 4241(a), (b), the Court granted Defendant's motion and ordered a mental health evaluation of Defendant. (Doc. 112). The Forensic Psychology Report of H. Wentowski, Psy.D., Forensic Psychologist with the BOP, Lexington, Ky., dated February 24, 2026, was received by the Court and docketed in the Record of this case. (*See* Doc. 116). At the time of her report, Dr. Wentowski opined that Defendant was competent to proceed to trial. (*Id.* at 15).

Prior to the Court holding a competency hearing on Dr. Wentowski's evaluation, counsel for Defendant notified the Court that Defense Counsel disagreed with Dr. Wentowski's opinion. Defendant requested that the Court extend the Defendant's trial to allow time for Defendant to retain an expert to conduct an evaluation of Defendant while he was in pretrial detention in the District and render an opinion as to Defendant's competency to stand trial under those detention conditions. (Doc. 118). On March 16, 2026, the Court entered an Order (Doc. 119) granting an extension of the trial to permit Defendant to retain his own expert to conduct a mental health evaluation as requested.

The Court received and docketed the Forensic Evaluation Report of Deepti Bhasin, M.D., F.A.P.A. dated November 10, 2026. (*See* Doc. 146). Dr. Bhasin's conclusion is based on her June 4, 2026 evaluation of Defendant and statements of Defendant's counsel, Byron Conway, to Dr. Bhasin on November 9, 2026. (*Id.* at 14). According to Dr. Bhasin's evaluation, Defendant is

> [P]resently competent to stand trial. He demonstrates an adequate factual and rational understanding of the proceedings and, based on the updated collateral information, a present ability to consult with his attorney with a reasonable degree of rational understanding and to assist properly in his defense.
>
> This opinion addresses present competency as of November 9, 2026, rather than a retrospective determination of competency on June 4, 2026. I did not conduct a new direct psychiatric examination on November 9. The ultimate legal determination of competency rests with the Court.

(*Id.* at 14–15).

## II. November 19, 2026 Competency Hearing

Section 4247(d) provides that at a competency hearing defendant "shall be represented by counsel" and "shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing."

"For a defendant to be competent to stand trial, he must have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and have a rational as well as factual understanding of the proceedings against him.'" *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005).

Pursuant to 18 U.S.C. § 4241(a) the Court is required to hold a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." As noted above, in their respective Evaluation Reports, Dr. Wentowski and Dr. Bhasin, Defendant's own expert, concluded that Defendant is competent to proceed with his case.

At the hearing, counsel for both Parties confirmed they had received and reviewed the Evaluation Reports of Drs. Wentowski and Bhasin. Defendant's counsel confirmed that he had reviewed the Evaluation Reports with Defendant. Neither Party wished to present additional evidence, and both Parties agreed the Evaluation Reports are correct as to Defendant's competency.

Based on the statements of counsel at the hearing and the Court's independent review and consideration of the Evaluation Reports of Drs. Wentowski and Bhasin regarding Defendant's competency, the Court finds that an evidentiary hearing as to Defendant's competency is not necessary.[2] The Court, having thoroughly reviewed the Record in this case, including the Evaluation Reports of Drs. Wentowski and Bhasin, and having heard the discussion of counsel for the Parties agreeing with the findings in the Evaluation Reports, finds, consistent with the Drs. Wentowski's and Bhasin's opinions, that Defendant is competent. The Court concurs and finds any additional evidence or proceedings on the issue unnecessary. Specifically, the Court finds that Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. *See* 18 U.S.C. § 4241(e).

Accordingly, the Court finds that Defendant Eubia Undrae Walker, II, is competent to stand trial.

## III. MOTION *IN LIMINE*

Pending before the Court is Defendant's Motion *in Limine* to Exclude Cell Phone Photographs (Doc. 134). After discussion, the Parties agreed it would be productive for them to confer further to determine whether they were able to come to agreement as to the relevancy and admissibility of photographs which the Government may seek to introduce into evidence at the trial of this matter.

---

[2] *See United States v. Lewis*, No. 2:16-CR-12-8, 2016 WL 7242573, at *3 (S.D. Ga. Oct. 18, 2016), *report and recommendation adopted*, No. 2:16-CR-12, 2016 WL 7256982 (S.D. Ga. Dec. 14, 2016) ("a court need not hold a competency hearing if no reasonable question of competency exists after a psychological evaluation") (citing *United States v. Kerr*, 752 F.3d 206, 216 (2d Cir. 2014) (after receiving results of court-ordered psychological evaluation, trial court was "well within its discretion" to not conduct hearing on defendant's competency before accepting defendant's plea of guilty); *United States v. Gillette*, 738 F.3d 63, 77 (3d Cir. 2013) (rejecting defendant's argument that § 4241 always contemplates that a competency hearing be held where a court has ordered a psychological evaluation).

As a general matter, the Court notifies the Parties that prior to introducing any photographs into evidence, the Government shall lay a proper foundation as the relevancy of such photograph(s). Such foundation shall be presented on proper notice to opposing counsel and the Court, and outside of the hearing of the jury. To be clear, prior to such time, no reference or inference to the photographs shall be made in opening statements, through a witness, or otherwise until further consideration and Order of the Court.

Accordingly, with the above guidance, the Court will hold resolution of the Motion *in Limine* (Doc. 134) in abeyance to allow the Parties time to confer. In the event they are unable to resolve all issues with respect to the Motion *in Limine*, the Government, and Defendant, if appropriate, shall amend its Motion *in Limine* or response apprising the Court of the remaining issues to be resolved prior to trial.

By separate order, this matter has been set for pretrial conference for December 29, 2026, and for trial during the Court's February 2027 Valdosta Term beginning February 1, 2027.

**SO ORDERED**, this 20th day of November 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**